```
               IN THE UNITED STATES DISTRICT COURT
               IN THE WESTERN DISTRICT OF WISCONSIN
```

| | |
|---|---|
| MARCELLOUS WALKER, ARMIN WAND III, JEREMY WAND, JAMMIE YERKS, KENDRICK GATLIN, DAMIEN GRIFFIN,<br><br>Plaintiff(s),<br><br>v.<br><br>GARY BOUGHTON, WSPF Warden,<br>DANE ESSER, Security Director,<br>WENDY MONFILS, OMB DAI Director,<br>SARAH COOPER, DAI Administrator,<br>ROBERT MILLER, DAI Security Cheif,<br>ANTHONY BROADBENT, Unit Manager,<br>TEXTBEHIND, Third-Party Mail Vendor,<br>WISCONSIN DEPARTMENT OF CORRECTIONS,<br>their employees, agents, servants, contractors, and all others acting in active concert with them, on their behalf and/or under their order(s), and their successors in office,<br>Defendant(s). | VERIFIED<br>42 U.S.C. §1983<br>CIVIL RIGHTS COMPLAINT<br><br>**JURY TRIAL DEMANDED**<br><br>Case No.<br><br>22-cv-211-wmc |

Plaintiffs Marcellous L. Walker, Damien Griffin, Armin Wand III, Jeremy Wand, Jammie Yerks, and Kendrick Gatlin, pro se, complains, alleges and verifies the following under the penalty of perjury:

## I. JURISDICTION AND VENUE

1. This is a civil rights action authorized by 42 U.S.C. §1983 to seek redress for the deprivation under the color of state law, of rights guaranteed under Amemdments (First, Sixth and Fourteenth) to the Constitution of the United States.

2. The Court has jurisdiction under 28 U.S.C. §2202 and 22 for plaintiffs seeking declaratory relief.

3. This Court has jurisdiction under 28 U.S.C. §1331 and §1343.

4. This Court has supplemental jurisdiction under 28 U.S.C. §1367 over plaintiff's state law claims.

5. Plaintiffs seek preliminary injucntive relief and a temporary

-1-
Case 1:22-cv-01392-WCG    Filed 04/13/22    Page 1 of 18    Document 1

restraining order, pursuant to Fed.R.Civ.P. Rule 65(a) and 65(b).

6. Plaintiffs who qualify, also seek punitive damages for qualifying acts, omissions or refusals to act on their behalf by any of the qualifying defendants.

## II. PARTIES

7. Plaintiff Marcellous L. Walker is currently confined at the Wisconsin Secure Program Facility (WSPF, hereinafter). During the times and events described herein he was housed between Echo, Alpha and Charlie Units. His physical address is 1101 Morrison Drive, P.O. Box 1000, Boscobel, WI 53805.

8. Plaintiff Damien Griffin is currently confined at the WSPF. During the times and events described herein he was housed between Echo and Alpha units. His physical address is 1101 Morrison Drive, P.O. Box 1000, Boscobel, WI 53805.

9. Plaintiff Armin Wand III is currently confined at WSPF. During the times and events described herein he was housed between Echo unit. His physical address is 1101 Morrison Drive, P.O. Box 1000, Boscobel, WI 53805.

10. Plaintiff Jeremy Wand is currently confined at WSPF. During the times and events described herein he was housed on Echo unit. His physical address is 1101 Morrison Drive, P.O. Box 1000, Boscobel, WI 53805.

11. Plaintiff Jammie Yerks is currently confined at WSPF, During the times and events described herein he was housed on Echo unit. His physical address is 1101 Morrison Drive, P.O. Box 1000, Boscobel, WI 53805.

12. Plaintiff Kendrick Gatlin is currently confined at the WSPF. During the times and events described herein he was housed on Alpha unit. His physical address is 1101 Morrison Drive, P.O. Box 1000, Boscobel, WI 53805.

13. Defendant Gary Boughton is the Warden at the WSPF and was Warden at WSPF at all times relevant to this complaint. He is being sued in his official capacity and in his individual capacity for punitive damages. He may be reached at his place of employment at 1101 Morrison Drive, Boscobel, WI 53805.

14. Defendant Dane Esser was at all times the Security Director (on beleif) at WSPF at all times relevant to this complaint. He is being sued in his official capacity and may be reached at his place of employment at 1101 Morrisone Drive, Boscobel, WI 53805.

15. Defendant Wendy Monfils was the OMB DAI Administrator at all times relevant to this complaint. She is being sued in her official capacity and in her individual capacity for punitive damages. She may be reached at her place of employment at 3099 E. Washington Ave., P.O. Box 7925, Madison, WI 53707-7925.

16. Sarah Cooper, Defendant, was the DAI Administrator at all times relevant to this complaint. She is being sued in her official capacity and may be reached at her place of employment at 3099 E. Washington Ave., P.O. Box 7925, Madison, WI 53707-7925.

17. Defendant Robert Miller was the DAI Security Cheif at all times relevant to this complaint. He is being sued in his official capacity and in his individual capacity for punitive damages and may be reached at his place of employment at 3099 E. Washington Ave. P.O. Box 7925, Madison, WI 53707-7925.

17(b). Defendant Anthony Broadbent was the Echo Unit Manager at WSPF at all times relevant to this complaint. He is being sued in his individual and official capacities and may be reached at his place of employment at 1101 Morrison Drive, Boscobel, WI 53805.

17(c). Defendant Jacob Cirian was the acting Security Director at WSPF at some time during the matters at issue in this suit. He is being sued in his individual and official capacities and may be reached at his place of employment at 1101 Morrison Drive, Boscobel, WI 53805.

17(d). Defeddnt Mark Kartman was the Security Director at WSPF aty cetrain times relevant to this complaint. He is being sued in his individual and official capacities and may be reached at his place of employment at 1101 Morrison Drive, Boscobel, WI 53805.

18. Defendnat Textbehind is the third-party mail processing vendor and has contracted with the Wsiconsin Depeatment of Corrections to receive, scan, print and then mail out the printouts of all original, non-legal, non-medical, non-privileged mail items to the prisons where the intended recipients of those materials are confined. TextBehind is being sued in it's individual and official capacities and may be reached at 3312 Paper Mill Rd., Phoenix, MD 21131.

18(b). All Defendants acted under the color of state law at all times relevant to the acts, inactions and omissions so complained of herein this complaint.

FACTS: GENERAL

19. On November 4, 2021, a memo was posted on Echo Unit stating that the Wisconsin Department of Corrections, Division of Adult Institutions was implementing a "New Mail Policy" utilizing a third-party mail processing vendor to recieve, scan, copy and then mail the copies of original incoming prisoner correspondence to the correctional facilities where the intended recipients of those mail items are confined. (Exh. A-001)

20. The stated purpose of this "New Mail Policy" was to prevent the entry of contraband (drug) substances from entering the state's prisons (Exh. A-001, ¶1)

21. The November 4, 2022 memo was issued and signed by Defendant Sarah Cooper, who is or at the time of the issuance, was the Administrator of the Division of Adult Institutions. (Exh. A-001)

22. Also on this memo, it states that "all non-privileged (personal) mail from family and friends shall be sent to a third-party vendor instead of directly to the institutions where PIOC reside." (A-001, ¶1·)

23. Shortly after the November 4, 2021 memo from Sarah Cooper was posted (Exh. A-001) a marketing item from the third party mail processing vendor (TextBehind) was made available in bulk, and placed in Echo Unit dayrooms for inmate consumption. (Exh. A-002)

24. The marketing item labeled Exhibit A-002 is titled "New Mail Management Process" and has a listed effective date of December 6, 2021. (Exh. A-002, see top heading)

25. On the marketing item labled Exhibit A-002 it states that non-legal mail should be addressed to the third-party mail processing vendor for processing. (Exh. A-002, ¶1, Lns. 1 thru 4, also see ¶4)

26. On knowledge and beleif, the November 4, 2021 memo (Exh. A-001) and the marketing item from Defendant TextBehind (Exh. A-002) were posted and made available for viewing and inmate consumption, respectively, with the knowledge, authorization, approval and at the instruction of Defendants Gary Boughton, Dane Esser, Wendy Monfils, Robert Miller, Anthony Broadbent and TextBehind.

27. On November 12, 2021, a memo was posted on Echo Unit explaining that there was a revision in the P.O. Box number used for Wisconsin prisoners and the third-party mail processing vendor. (Exh. A-004)

28. The November 12, 2021 memo was issued and signed by Sarah Cooper, DAI Administrartor, and included a reiteration mimicing a statement made in the November 4, 2021 memo (A-001) all "non-legal" mail be sent to TextBehind for processing. (Exh. A-004, ¶2 and ¶6)

29. Shortly after the November 12, 2021 memo was posted, a new, revised version of a previously issued marketing item from TextBehind was made available for inmate comsumption, which included the new P.O. Box number inmates were instructed to use for incoming mail/ correspondence. (Exh. A-003)

30. On knowledge and beleif, the November 12, 2021 memo (A-004) and the updated revision of the TextBehind marketing item, was posted and made available for viewing and inmate consumption, respectively, with the knowledge, authorization, approval and at the instruction of Defendants Gary Boughton, Dane Esser, Wendy Monfils, Robert Miller, Anthony Broadbent and TextBehind.

31. On knowledge and beleif, plaintiffs and other prisoners were concerned about and made inquiries to management staff and supervisors regarding whether the "New Mail Policy" also requires and applies to inmate-to-inmate legal correspondence.

32. On December 3, 2021, a memo was poseted on Echo Unit explaining with specificity to what type of materials and from whom are to be routed to TextBehind for processing. (Exh. A-005)

33. The December 3, 2021 memo was issued and signed by Robert Miller, DAI Security Cheif, and Wendy Monfils, DAI OMB Director, and it specified that all inmate-to-inmate mail, regardless of content, is to be sent to TextBehind for processing. (Exh. A-005, ¶2)

34. On December 9, 2021, Defendant Robert Miller issued a memo (signed) stating that inmates must sign a DOC-4268 : Consent to Receive Mail form in order to be allowed to **continue** to receive mail addressed to them. (Exh. A-006)

35. On December 9, 2021, on second shift, correctional officers distributed to prisoners a "SAMPLE" DOC-2468 form that they would be required to sign **electronically** in the following days, as was explained over the prison intercom system shortly thereafter.(Exh. E-002, E-004)

36. The memos dated December 3rd and 9th, 2021, and the "SAMPLE" DOC-2468 Form distributed on December 9, 2021 (Exhs. A-005, A-006, E-002 and E-004, respectively) were posted (issued in the case of the December 9, 2021 memo, since plaintiffs had never seen the memo posted on the Echo Unit) and the "SAMPLE" DOC-2468 Form was posted (issued) and was made available for inmates to review (except in the instance of the December 9, 2021 memo marked as Exh. A-006) with the knowledge, authorization, approval and at the instruction of Defendants Gary Boughton, Dane Esser, Wendy Monfils, Robert Miller, Anthony Broadbent and TextBehind.

37. On December 11, 2021 on second shift, inmates from Echo Unit were being called out of their prison cells, one at a time, to submit their electronic signatures into the WICS system onto the revised DOC-2468 fforms.

38. In addition to general and previous experiences with signing "consent" forms, Plaintiffs Walker and Yerks refused to sign the DOC-2468 forms they were asked to sign on December 11, 2021.

39. Among the reasons Yerks and Walker did not sign the DOC-2468 revised forms is because they had both signed DOC-2468 at D.C.I. and reasonably beleived that they should not be required to sigh the revised DOC-2468 form because the previous form they signed states that their consent to receive mail is valid for the entire duration of their confinement. (Exh. Exh. E-001: Consent to Receive Mail:Ln. 4-5, see Exh. E-006: Consent to Receive Mail:Ln. 4-5, respectively)

40. The reason why Walker and Yerks signed the original DOC-2468 at intake is that they were under threat (as were all prisoners) of their refusal diqualifying them from receiving **any** mail from friends, family, their attorneys or the courts.

41. After realizing that a number of prisoners had still not signed the DOC-2468 forms, on belief, this caused Defendant Wendy Monfils to issue a memo on February 10, 2022, with the unveiled threat that prisoners who **DO NOT** sign a revised DOC-2468 form will not be allowed to receive any publications, subscriptions, IRS mail, legal mail or personal mail. (Exh. A-010, ¶2-4)

42. This, Plaintiffs beleive, includes attorney letters, police reports and other discovery materials relating to prisoner's crimihal cases, release papers, probation and parole rules, child support notices and even mail involving civil matters, such as this one.

-8-
Case 1:22-cv-01392-WCG    Filed 04/13/22    Page 8 of 18    Document 1

43. On average, it has taken any mail sent to Walker between December 31, 2021 and March 2022, one-hundred eleven days to reach him.

44. On December 31, 2021, Plaintiff Griffin mailed a letter to Plaintiff Walker seeking assistance with another prisoner's legal matters in federal court (Robert Anderson). (Walker Decl. at 87-88, also see Exh. B-002)

45. Walker didn't receive the letter until March 16, 2022. (Walker Decl. at 87, also see Exh. B-002)

46. On March 10, 2022, Plaintiff Gatlin mailed a letter to Plaintiff Walker consisting of only a conduct report. (Exh. B-004)

47. Walker didn't receive the letter until March 21, 2021. (Walker Decl. at 97, also see Exh B-004)

48. Walker agreed to assist Gatlin with legal proceedings in an active criminal case where he was having serious issues with his attorney's representation and required his paperwork and materails relating to the case. (Walker Decl. at 100-102)

49. The same day Gatlin mailed the conduct report to Walker, he also mailed the paperwork relating to his criminal matter, but did not include any privileged materials. Walker did not receive those materials until March 28, 2022. (Walker Decl. 102, Exh. B-005, pg. 2)

50. Walker had mailed legal materials to Armin Wand III on or around March 1, 2022. The materials were deemed to be "privileged" by TextBehind and were not delivered, but destroyed. (Exh. B-003)

51. All of the aforementioned correspondence was inmate-to-inmate correspondence and was directed to TextBehind for processing as required pursuant to the "new mail policy", regardless of content. (Exh. A-005, ¶2)

52. On March 22, 2022, in order to have proof of mailing, Walker sent a packet of case law, a cover letter, a motion for TRO and preliminary injunction and certificate of service for the matter in which he Plaintiff Griffin sought assistance therefor in his December 31, 2021 letter to Walker.

53. Griffin received the package, but it did NOT contain the cover letter, motion for TRO and Preliminary Injunction or the Certificate of Service which Walker included in the mailing.

54. Plaintiffs contend, and it is their beleif based on prior experience with TexbBehind, that TextBehind destroyed the legal documents Walker included in the mailing to Griffin on March 22, 2021.

55. Plaintiffd have had and now persist with a reasonable fear that if they send any legal documents which appear to be a motion, brief, memorandum of law, or other document prepared for filing in court - it will be destroyed and will not be delivered or processed for delivery with regard to inmate-to-inmate mail.

56. Plaintiffs have and now persist with a reasonable fear that if they are unable to send mail directly to the prison in which the intended recipient resides, the mail will not reach it's destination in a reasonable, uniformly predictable period of time which will not severely interfere with or inhibit and obstruct the course of assisting others and each other in matters now in litigation, and to be prepared and litigated hereinafter.

57. As of this filing, on knowledge and belief, TextBehind has not submitted or issued any changbe to its policy of not processing legal materials.

-10-

Case 1:22-cv-01392-WCG    Filed 04/13/22    Page 10 of 18    Document 1

58. Several times prior to the filing of this complaint Defendant Broadbent has approached Plaintiffs Walker and Yerks, seeking their compliance with the policy requiring a signature consenting to the use of a third party vendor to process and distribute their incoming mail. Each time Broadbent has echoed threats for refusal to sign.

59. Each time, Broadbent asserted that non-compliance will result in the non-delivery of any and all mail addressed to them, including but not limited to legal and personal mail.

60. It is plaintiffs beleif that there are an untold, but amount of prisoners possibly numbering in the hundreds who span across Wisconsin's prisons and who have refused to sign the DOC-2468 form.

61. It is plaintiff's beleif that many of those prisoners do not have reasonably meaningful access to the courts to seek redress in this matter and the matters affecting prisoners as a class because they have no understanding of how to initiate civil rights proceedings in state or federal court.

62. It is plaintiff's beleif that the defendants have utilized the new mail policy to subjugate the plaintiffs to the conditions so complained of in this complaint.

63. It is plaintiff's beleif that prisoners across the state are subject to the same, and have no reason to beleive otherwise.

64. It is plaintiff's beleif that the implementation of the new mail process at issue in this suit, led to and is linked with the acts, omissions, and failures to act on the part of the defendants and which resulted in the constiutional rights of the plaintiff's being violated by them, with their authorization, at their instruction or in collaboration with others.

65. Plaintiffs reserve the right to submit additional instances which might occur and which support the claims so alleged herein this complaint.

## IV. EXHAUSTION OF LEGAL REMEDIES

66. Plaintiffs contend that all matters where remedy was of avail, plaintiffs have exhausted said remedy(ies). (See C-Exhibits)

67. Because irreparable harm would issue in the matter of Plaintiffs First, Sixth and Fourteenth Amendment rights being arbitrarily denied them as a matter of policy, no remedy was available, and for that reason, Plaintiffs seek equitable remedy in the form of a temporary restraining order and a preliminary injunction. (See attached motion, brief, memorandum of law in support, statement of proposed facts, exhibits and declarations in support)

## V. LEGAL CLAIMS

Based upon the facts of the case, Plaintiffs contend that:

<u>As to Claim I</u>: Plaintiffs re-alleges and incorporates by reference ¶1-¶167

1. A reasonable jury could conclude that the new mail policy implemented by the department and enforced by it's employees, agents and contractors, requires prisoners to utilize third-party mail processing vendor TextBehind for all incoming mail, including, but not limited to inmate-to-inmate mail.

2. A reasonable jury could conclude that there are no exceptions to the new mail policy with regard to inmate-to-inmate mail.

3. A reasonable jury could conclude that requiring inmates to submit their inmate-to-inmate correspondence to TextBehind for processing (especially when the inmate-to-inmate mail is being sent to an inmate housed at the **same** facility as the sender) is an exaggerated response to any stated reasonable, legitimate governmental interests.

4. The new mail policy, as applied to plaintiffs and all others similarly situated, is unconstitutional.

5. The new mail policy prevents, inhibits and obstructs prisoner's ability to provide or seek assistance in legal matters which said assistance is likely to assist other prisoners in acheieving measonably meaningful access to the courts, contrary to the First and Sixth Amendments to the U.S. Constitution.

6. Reasonable alternatives that fully accomodate the plaintiff's and all other's similarly situated's rights exists at derminimis cost to valid penological interests.

7. The new mail policy violates Plaintiff's and all others similarly situated's substantive Due Process rights under the Fourteenth Amendment to the U.S. Constitution.

8. The defendants have failed to implement policy to effectuate inmate's ability to provide and receave reasonably meaningful assistance with legal matters in accordance with department administrative code. Due to this policy, plaintiffs are in fear of seeking or assisting others in legal matters via the mail.

<u>As to Claim II</u>:

1. A reasonable jury could conclude that policy authorizing or threatening to indefinitely deny a prisoner the right to receive personal, legal or other correspondence and publications, periodicals, and subscriptions addressed to them - based on a prisoner's refusal to sign a DOC-2468 or other contract or form, is an exaggerated response to any stated reasonable, legitimate governmental interests, contrary to the First Amendment.

2. Policy DOC 309.04(2)(b) is unconstitutional on it's face and as applied to plaintiffs and all others similarly situated, and

-13-

enforcement demonstrates callous indifference or reckless disregard for rights.

3. The defendants required Plaintiffs and all prisoners to sign the revised DOC-2468 form so that they could give Consent to the department requiring their incoming mail being sent to and being processed through the third-party mail processing vendor for all non-privileged mail.

4. Defendants subjected Plaintiffs and all others similarly situated to threats of denying all incoming mail, including all legal and other privileged mail for refusal to sign the revised DOC-2468 form when they knew or should have known that the policy for receiving **privileged mail** had not changed, in that all legal and other privileged materials were still to be addressed to the prison where the intended inmate recipient is housed.

5. Refusal to deliver legal and privileged materials to a prisoner or any of the Plaintiffs (particularly Walker and Yerks) on the babis of their refusal to sign the revised DOC-2468 form - is completely unrelated to any stated reasonable penological objectives.

6. Wendy Monfils and Robert Miller were aware of or should have known that privileged materials and legal mail were and are unaffected by the new mail policy, and a reasonable jury could infer evil intent in the memos issued and expected by them threatening to apply the full force of DOC Wisconsin Administrative code 309.04(2)(b) if they (all prisoners) did not sign the revised DOC-2468.

7. Prisoners who have signed consent form/contract DOC-2468 have done so out of fear of their not being able to receive mail sent to them by their friends, family, the courts or their legal counsel, including the Plaintiffs who did not refuse to sign the DOC-2468, namely Damien Griffin, Armin Wand III, Jeremy Wand, and Kendrick Gatlin.

8. Policy DOC 309.04(2)(b) and any statute, rule or policy, denying a prisoner, inmate or confined person all mail addressed to them as a matter of policy for refusal to sign **any** form, is unconstitutional on it's face and as applied to Plaintiff's and all others similarly situated.

9. Enforcing policy denying receipt of mail to Plaintiffs Walker and Yerks, because of their refusal to sign the revised DOC-2468 form, constitutes retaliation, contrary to the First Amendment to the U.S. Constitution.

10. Revoking Walker and Yerks' consent in their previously signed DOC-2468 and failing to deliver mail to them for thier not signing a revised DOC-2468, is contrary to Due Process under the Fourteenth Amendment to the U.S. Constitution.

## VI . <u>PRAYER FOR RELEIF</u>

WHEREFORE, Plaintiff(s) respectfully pray this Honorable Court enters a **Declaratory Judgment**:

1. Granting Plaintiffs judgment stating that the new mail policy, requiring prisoners to submit their legal correspondence to TextBehind for inmate-to-inmate correspondence, is an exaggerated response to any stated legitimate governmental objectives, as applied to them

2. Granting or issuing judgment stating that the new mail policy requiring personal inmate-to-inmate correspondence to be routed through TextBehind, is unrelated to any stated legitimate governmental objectives, and is thereby unconstitutional as applied to plaintiffs and all others similarly situated.

3. Granting judgment stating that a prisoner who signed a DOC-2468 prior to the revised DOC-2468 would have a reasonable expectation that he could not be required to sign a revised DOC-2468 in order to have been entitled to receive all legal and privileged mail addressed to him or her, based upon the policy regarding the processing of legal mail **not** changing.

4. Granting judgment stating that DOC 309.04(2)(b) and any statute rule or policy denying a prisoner or confined person all mail addressed to them as a matter of policy, based upon their refusal to sign any form or contract, is unconstitutional on it's face and as applied to the Plaintiffs and all others similarly situated.

5. Granting judgment stating that requiring inmates to submit their inmate-to-inmate legal correspondence to TextBehind severely inhibits, prevents and obstructs their ability to to offer and receive legal assistance from other prisoners who aid them in acheving and amintaining reasonably meaningful access to the courts.

6. Granting judgment stating that TextBehind's services are unreliable and inadequate for inmate-to-inmate correspondence where prisoners are seeking or offering legal assistance from or to other prisoners, respectively.

7. Granting judgment stating that policy of not providing NOTICE of mail being received by the facility or third-party mail processing vendor and which is withheld, destroyed or returned to sender because inmates refuse to sign a DOC-2468 form, is unconstitutional and is contrary to the First and Fourteenth Amendments to the U.S. Constitution.

8. Granting judgment stating that the actions of Monfils and Miller (asserting prisoners required to sign DOC-2468 or they will not receive legal or privileged mail) infers evil intent when the prisoner's privileged mail was unaffected by the new mail policy.

Issue a **Temporary Restraining Order** and **Preliminary Injunction** ordering:

1. Plaintiffs and all other persons similarly situated be allowed to utilize the United States Postal Service for inmate to inmate legal correspondence which is directed and addressed to the facility(ies) where the intended recipient is confined.

2. That any privileged materials sent mistakenly to TextBehind for a prisoner confined in any facility to whom it provides it's services, be forwarded, unopened, to the facility where the intended recipient resides, along with it's weekly bulk mailing for processing by the facility.

3. Cease and Desist with issuing threats or requirements that prisoners must sign any form in order to have an entitlement to receive personal, legal and other privileged mail, subscriptions, periodicals and other materials to which they have a Constitutional right to receive or acquire.

4. **EFFECTIVE IMMEDIATELY**, ANY and all prisoners or confined persons who have been or are being denied receipt of incoming legal, personal or other privileged mail, subscription, publication, periodical or other materials to which they have a constitutional right to receive or acquire - on the basis that they refused to sign a DOC-2468 form, now be allowed to receive the same, despite their not signing or refusing to sign a DOC-2468 or other form or document, with the exclusion of receipts for purchases.

5. **EFFECTIVE IMMEDIATELY**, ALL PLAINTIFFS TO THIS SUIT be allowed to correspond via United States Postal Service, amongst themselves, and others confined with them and in other Wisconsin State Prisons.

6. **EFFECTIVE IMMEDIATELY**, because the new mail policy either prevented or adequately deterred plaintiffs from acquiring copies of the pleadings here and now submitted in this matter, Defendants provide plaintiffs Griffin, A. Wand, J. Wand, Yerks and Gatlin a copy of each of the pleadings now being filed on their behalf.

7. **EFFECTIVE IMMEDIATELY**, BECAUSE THE NEW MAIL POLICY has prevented the two litigators named in this case from corraborating their efforts in effectively combining their work in this matter, allot a reasonable opportunity for Plaintiffs Walker and Griffin to meet via visit booth at least once per week, for not less than one (1) hour per week (per calendar week) from the date of the court's order - so that they may prepare and discuss any pleadings, arguements, authorities and legal positions regarding this matter.

Award **Punitive Damages;**

1. Plaintiffs seek punitive damages against Defendants Monfils and Miller, jointly and severally, in the amount of $20,000, per plaintiff, per offense, and against Broadbent and Boughton, jointly and severally in the amount of $20,000 per plaintiff, per offense.

-16-

2. Plaintiffs seek **punitive** damages against TextBehind, jointly and severally, in the amount of $20,000, per plantiff affected per act or offense.

Demand for **Trial** and other releif sought:

1. Plaintiffs seek a **jury trial** on all matters triable by jury.
2. Plaintiffs seek to recover the costs of this suit and reasonable attorney's fees.
3. Plaintiffs seek any additional releif that this court deems just, proper and equitable.

-17-

Case 1:22-cv-01392-WCG    Filed 04/13/22    Page 17 of 18    Document 1

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged herein are true except to the matters alleged on information and beleif, and as to those things, I beleive them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Dated for submission on this  11  day of ____April____, 202_2_.

_____
Marcellous L. Walker 296712

_____
Armin G. Wand III 380173

_____
Jammie Yerks 229862

_____
Jeremy Wand 606060

_____
Kendrick Gatlin 202931

_____
Damien M. Griffin 579470