UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARCELLOUS L. WALKER and
ARMIN WAND, III,

        Plaintiffs,

        v.                                Case No. 22-C-1392

TEXTBEHIND,

        Defendant.

## DECISION AND ORDER

Plaintiffs Marcellous Walker and Armin Wand are representing themselves in this 42 U.S.C. §1983 case, which has been pending for more than a year. They are proceeding on First Amendment claims based on allegations that Defendant TextBehind destroyed their mail to and from other inmates. On August 14, 2023, Defendant filed a motion for summary judgment. Plaintiffs' response materials were due September 13, 2023. Two weeks before the deadline, Wand filed a motion to sever his and Walker's claims into separate actions. TextBehind opposes the motion. Days after the deadline to respond to Defendant's motion, Walker filed a motion for a thirty-day extension of the deadline. Neither of the Plaintiffs' motions was signed by both Plaintiffs despite the Court's early warning that Fed. R. Civ. P. 11(a) requires that every pleading, motion, and other paper be signed by each party personally if the party is representing himself. The Court will address each motion in turn.

As to Wand's motion to sever, the Court notes that early in this case, it highlighted the challenges prisoner plaintiffs face in joint litigation. *See* Dkt. No. 76 at 2. Rather than heeding the warning, Wand and Walker opted to continue jointly litigating even when, more than five

months ago, Wand transferred to a different institution. Now, weeks after Defendants moved for summary judgment, Wand seeks to sever his claim from Walker's because jointly litigating is difficult. But Wand's request comes too late. To sever the cases now would multiply the time and resources needed to resolve Defendant's motion. As Defendant highlights, Plaintiffs' claims involve the same questions of law and same issues of fact. And, although their claims involve some separate incidents of non-receipt of mail, their claims also are based on mail that they sent to each other. Thus, there are obvious advantages in having the claims tied together. While the Court acknowledges Wand and Walker may encounter challenges in coordinating their efforts, they have long been aware of these challenges. Because it would be highly prejudicial to Defendant to sever the claims, delay resolution, and significantly increase the resources required to resolve the claims, the Court will deny Wand's motion to sever. He and Walker chose to pursue this case together, so they must now bear the consequences of that decision.

Finally, the Court will grant Walker's motion for an extension of time even though he filed the motion *after* the original deadline to respond and even though the motion is not signed by Wand. Walker asserts that he has had limited time to access the library, but the Court notes that summary judgment rises or falls on whether there is a genuine dispute of material fact. The Court is familiar with the law and does not require Plaintiffs to explain the legal basis of their claims so much as to indicate which facts asserted by Defendant are in dispute. Plaintiffs know the facts of their case, and unlimited access to the law library will not assist them in identifying which facts are in dispute. Given that both Plaintiffs must sign the response materials, the Court will extend their deadline to respond to **November 6, 2023**. The Court warns Plaintiffs that response materials that are not signed by both of them will be stricken. *See* Fed. R. Civ. P. 11(a). If Plaintiffs do not

2

Case 1:22-cv-01392-WCG    Filed 09/22/23    Page 2 of 3    Document 119

respond by the deadline or do not request more time to respond *before the deadline*, the Court will decide Defendant's motion without their input.

**IT IS THEREFORE ORDERED** that Wand's motion to sever Plaintiffs' claims into separate actions (Dkt. No. 113) is **DENIED**.

**IT IS FURTHER ORDERED** that Walker's motion for an extension of time (Dkt. No. 117) is **GRANTED**. The Court must receive Plaintiffs' materials in response to Defendant's motion for summary judgment by **November 6, 2023**. Materials that are not signed by both Plaintiffs will be stricken. If the Court does not receive Plaintiffs' response materials by the deadline, the Court will decide the motion without Plaintiffs' input.

Dated at Green Bay, Wisconsin this 22nd day of September, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge