UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARCELLOUS L. WALKER and
ARMIN WAND, III,

        Plaintiffs,

        v.         Case No. 22-C-1392

TEXTBEHIND,

        Defendant.

## DECISION AND ORDER

      Plaintiffs Marcellous Walker and Armin Wand are representing themselves in this 42 U.S.C. §1983 case. They are proceeding on First Amendment claims based on allegations that Defendant TextBehind destroyed their mail to and from other inmates. On August 14, 2023, Defendant filed a motion for summary judgment. Plaintiffs' response materials are due November 6, 2023. On September 22, 2023, the Court denied Wand's motion to sever his and Walker's claims into separate actions. On October 25, 2023, Wand filed an objection to the Court's order.

      Wand asserts that the Court should sever his and Walker's claims into separate actions because jointly litigating this action has become too difficult following his transfer to a different institution. But, as pointed out in the Court's previous order, Wand was transferred five months before he moved to sever the claims into separate actions. Wand does not explain why he delayed making his request. Wand also does not explain why being housed in different institutions makes it more difficult for Plaintiffs to both sign filings. Plaintiffs have explained that all papers passed between inmates must be processed by TextBehind. It is unclear why Plaintiffs cannot avail themselves of this option. Given that Wand has not shown good cause for delaying making his

request until after Defendant filed its summary judgment motion and given that severing the claims into separate actions at this point in the case would prejudice Defendant by increasing its costs, the Court will overrule Wand's objection.

Wand does raise one troubling issue, however. He asserts that Defendant refused to respond to Plaintiffs' discovery requests absent a protective order. The Court entered a protective order on July 18, 2023. Discovery had closed a few days before, but that should have had no bearing on Defendant's obligation to respond to Plaintiffs' timely-served discovery requests. Plaintiffs obviously had no control over the timing of when the Court would enter the protective order. Wand does not certify that he conferred with Defendant about this issue, *see* Civil L.R. 37, so the Court will not—at this time—compel Defendant to respond to Plaintiffs' discovery requests, but the Court encourages Defendant to consider whether it wants to further delay resolution of this case over a discovery dispute. Given that Plaintiffs apparently do not have the information they timely requested in discovery, the Court will extend their deadline to respond to Defendant's summary judgment motion so the parties can confer on this issue. The Court encourages the parties to work together in good faith so that this case can move forward.

**IT IS THEREFORE ORDERED** that Wand's objection to the Court's denial of his motion to sever Plaintiffs' claims into separate actions (Dkt. No. 120) is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Court must receive Plaintiffs' materials in response to Defendant's motion for summary judgment by **December 6, 2023**. Materials that are not signed by both Plaintiffs will be stricken. If the Court does not receive Plaintiffs' response materials by the deadline, the Court will decide the motion without Plaintiffs' input.

Dated at Green Bay, Wisconsin this 27th day of October, 2023.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge