UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARCELLOUS L. WALKER and
ARMIN WAND, III,

                Plaintiffs,

v.                                              Case No. 22-C-1392

TEXTBEHIND,

                Defendant.

## DECISION AND ORDER

      Plaintiffs Marcellous Walker and Armin Wand, III, who are incarcerated at Fox Lake Correctional Institution and representing themselves, are proceeding on First Amendment claims against Defendant TextBehind based on allegations that Defendant refused to process—and subsequently destroyed—inmate-to-inmate mail related to legal matters. On August 14, 2023, Defendant filed a motion for summary judgment. Dkt. No. 108. In a notice and order, the Court reminded Plaintiffs that under Civil L. R. 56(b)(2) their response materials were due September 13, 2023. Dkt. No. 112. The Court warned Plaintiffs that, if they failed to respond to the motion by the deadline, the Court would accept all facts asserted by Defendant as undisputed, which would likely result in summary judgment being granted in Defendant's favor and the case being dismissed. The Court extended Plaintiffs' deadline to respond multiple times, in part because Plaintiffs were housed in different institutions, making it difficult for them to coordinate. On November 27, 2023, Walker was transferred to Fox Lake Correctional Institution, where Wand is also housed. The most recent extension required Plaintiffs to file their response materials by December 6, 2023. The deadline has passed, and Plaintiffs did not respond to Defendant's motion.

The Court has reviewed Defendant's motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that Defendant is entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by Defendant and deemed true as a result of Plaintiffs' failure to respond, the Court concludes that Defendant has a policy of processing all inmate-to-inmate mail even if related to legal matters and that Defendant has never destroyed any document for any reason. Further, the Court concludes that because Walker refused to consent to Defendant screening his personal non-privileged mail, his claim based on allegations that Defendant failed to process mail that was addressed to him necessarily fails. Walker cannot have been injured by Defendant's mail-processing policies given his refusal to allow Defendant to process any of his mail. Finally, the Court concludes that, with regard to the specific items of mail identified in Plaintiffs' amended complaint, Defendant promptly processed each item after it received it and that any delays were not the fault of Defendant. Importantly, the Court concludes that Defendant never destroyed any mail it received. Accordingly, with the foregoing undisputed facts in mind, the Court finds that Defendant is entitled to summary judgment on Plaintiffs' First Amendment claims.

**IT IS THEREFORE ORDERED** that Defendant's motion for summary judgment (Dkt. No. 108) is **GRANTED** and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 12th day of December, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.