UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARCELLOUS L. WALKER and
ARMIN WAND, III,

        Plaintiffs-Appellants,

    v.                                    USDC Case No. 22-C-1392
                                          USCA Case No. 23-3402

TEXTBEHIND,

        Defendant-Appellee.

## ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

      Plaintiffs Marcellous Walker and Armin Wand, III, who are incarcerated at Fox Lake Correctional Institution and representing themselves, were allowed to proceed on First Amendment claims against Defendant TextBehind based on allegations that TextBehind refused to process and subsequently destroyed inmate-to-inmate mail involving legal matters.[1] Dkt. No. 60. On August 14, 2023, TextBehind filed a motion for summary judgment. Dkt. No. 108. On August 31, 2023, Wand moved to sever his and Walker's claims, explaining that he had been transferred to a different institution nearly six months earlier, making it difficult for him and Walker to co-litigate. Dkt. No. 113. The Court denied Wand's motion, but twice extended Plaintiffs' deadline to respond to TextBehind's summary judgment motion. On November 27, 2023, Walker notified the Court that he had been transferred to the same institution where Wand was then housed. Dkt No. 122. Plaintiffs did not respond to TextBehind's summary judgment

---

[1] Plaintiffs were also permitted to proceed on claims against several State Defendants who were later dismissed after proving Plaintiffs had failed to exhaust the administrative remedies before bringing this lawsuit. *See* Dkt. No. 89.

motion or request additional time to do so by the revised deadline, so on December 12, 2023, the Court accepted all facts asserted by TextBehind as true, decided the motion in TextBehind's favor without Plaintiffs' input, and dismissed this case. Dkt. No. 123.

On December 20, 2023, the Court received a notice of interlocutory appeal and a motion for leave to appeal without prepaying the filing fee from Wand. Wand's filings were dated November 22, 2023, nearly a month earlier. Although Wand referenced an interlocutory appeal, his filings arrived more than a week after the Court granted TextBehind's summary judgment motion and dismissed this case. The Court observes that Wand's notice was not accompanied by a declaration or notarized statement setting out the date he deposited the notice in his institution's internal mail system. *See* Fed. R. App. P. 4(c). Although, it is unlikely that Wand's mail was delayed by nearly a month. The Court will therefore consider Wand's notice as a timely filed notice of appeal under Fed. R. App. P. 3. It appears that Wand's appeal is taken in good faith and that he is indigent. His motion to proceed without prepaying the appellate filing fee will therefore be granted.

Under the Prison Litigation Reform Act (PLRA), a prisoner must pay the applicable filing fees in full for an appeal. 28 U.S.C. §1915(b). To proceed with an action or appeal *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the Court along with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. 28 U.S.C. §1915(a)(2). The Court must assess an initial filing fee of twenty percent of the average monthly deposits to the plaintiff's prison account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the notice of appeal, whichever is greater. 28 U.S.C. §1915(b)(1).

After the initial fee is paid, the prisoner must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. §1915(b)(2). The agency having custody of the prisoner will collect the money and send payments to the Court each time the amount in the account exceeds $10.00, until the filing fees are paid. *Id.*

Along with his request to proceed *in forma pauperis*, Wand filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his notice of appeal. A review of this information reveals that Wand is required to pay an initial partial filing fee of $60.74, as well as additional payments pursuant to 28 U.S.C. §1915(b)(2). *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997), *rev'd on other grounds by Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) and *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000).

**IT IS THEREFORE ORDERED** that Wand's motion for leave to proceed *in forma pauperis* on appeal (Dkt. No. 126) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that by **January 26, 2024**, Wand shall forward to the Clerk of Court **$60.74** as the initial partial filing fee in this appeal. Wand's failure to comply with this order may result in dismissal of this appeal. The payment shall be clearly identified by the case name and number assigned to this action. **To the extent Wand does not have enough money in his regular account to make the initial partial payment, he is responsible for making arrangements with authorities to pay the remainder of the initial partial filing fee from his release account. Wand is advised that the language of 28 U.S.C. §1915(b)(1) suggests that a prisoner's release account may be invaded to satisfy an initial partial filing fee only if insufficient funds are available in his regular account. *See Carter v. Bennett*, 399 F. Supp. 2d 936, 936–37 (W.D. Wis. 2005).**

**IT IS FURTHER ORDERED** that after the initial partial filing fee has been paid, the agency having custody of Wand shall collect from his prison trust account the balance of the filing fee ($544.26) by collecting monthly payments from Wand's prison trust account in an amount equal to 20% of the preceding month's income credited to Wand's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Wand is transferred to another institution—county, state, or federal—the transferring institution shall forward a copy of this order along with Wand's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that a copy of this order be provided to the PLRA Attorney, United States Court of Appeals for the Seventh Circuit, through the Court's electronic case filing system.

Dated at Green Bay, Wisconsin this 2nd day of January, 2024.

          s/ William C. Griesbach
          William C. Griesbach
          United States District Judge